UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| **NETTIE B. NICHOLS AND JOHN H. NICHOLS,**  §§§§<br>**Plaintiffs,** §<br>**v.** §§<br>**EQUIFAX CREDIT BUREAU, NCAC, TRANSUNION CONSUMER RELATIONS,** §§§§§<br>**Defendants.** §§§ | Civil No. 1:08-cv-00185 |

## DEFENDANT EXPERIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

NOW COMES defendant Experian Information Solutions, Inc. ("Experian"), erroneously sued as "NCAC," by its undersigned counsel, and in answer to the Complaint, states as follows:

Experian denies any and all allegations not specifically admitted in the paragraphs below. Experian is without any knowledge or information sufficient to form a belief in the truth of any and all allegations as they relate to other Defendants and therefore denies the same. In response to the numbered and unnumbered paragraphs in the Complaint, Experian further states the following:

In response to the first unnumbered parargraph of the Complaint, Experian admits that Plaintiffs allege claims under the Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. Experian states that this is a legal conclusion which is not subject to denial or admission. Experian denies the remaining allegations in the first unnumbered paragraph.

**Background**

Experian denies the allegations in the unnumbered paragraph before paragraph 1 as they relate to Experian.

1. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint as they relate to Experian and therefore denies the same. As to the exhibits referenced therein and attached to the complaint, Experian states that those documents speak for themselves, and Experian denies any allegations of paragraph 1 inconsistent therewith.

2. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint as they relate to Experian and therefore denies the same. As to the exhibits referenced therein and attached to the complaint, Experian states that those documents speak for themselves, and Experian denies any allegations of paragraph 2 inconsistent therewith.

As to the unnumbered paragraph after paragraph 2 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as they relate to Experian, and Experian therefore denies the same.

3. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint as they relate to Experian and therefore denies the same. As to the exhibits referenced therein and attached to the complaint, Experian states that those documents speak for themselves, and Experian denies any allegations of paragraph 3 inconsistent therewith.

4. Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint as they relate to Experian and therefore

denies the same. As to the exhibits referenced therein and attached to the complaint, Experian states that those documents speak for themselves, and Experian denies any allegations of paragraph 4 inconsistent therewith.

As to the first, second and third unnumbered paragraphs after paragraph 4 of the Complaint, Experian lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein as they relate to Experian and therefore denies the same. As to the exhibits referenced in these paragraphs and attached to the complaint, Experian states that those documents speak for themselves, and Experian denies any allegations of these unnumbered paragraphs inconsistent therewith.

As to the last unnumbered paragraph, Experian denies that it is liable to the Plaintiffs for the requested relief or for any relief whatsoever.

## AFFIRMATIVE DEFENSES

Experian hereby sets forth the following affirmative defenses to the Complaint.

### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Plaintiffs' Complaint and each cause of action therein fails to set forth facts sufficient to state a claim upon which relief may be granted against Experian and further fails to state facts sufficient to entitle Plaintiffs to the relief sought, or to any other relief whatsoever from Experian.

### SECOND AFFIRMATIVE DEFENSE
### (Qualified Immunity)

All claims against Experian fail to the extent they are barred by the qualified immunity of 15 U.S.C. § 1681h(e).

### THIRD AFFIRMATIVE DEFENSE
### (Truth/Accuracy of Information)

The plaintiffs' claims against Experian are barred to the extent that any information Experian communicated to any third person regarding Plaintiffs was true.

### FOURTH AFFIRMATIVE DEFENSE
### (Proximate Cause)

Experian is not liable to the extent that the Plaintiffs' alleged damages were the direct and proximate result of the conduct of the Plaintiffs or others.

### FIFTH AFFIRMATIVE DEFENSE
### (Intervening Superseding Cause)

Experian is not liable to the extent that any purported damages allegedly suffered by the Plaintiffs are the results of the acts or omissions of third persons over whom Experian had neither control nor responsibility.

### SIXTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

The Plaintiffs' claims against Experian are barred, in whole or in part, to the extent that the Plaintiffs failed to mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The Plaintiffs' claims against Experian fail to the extent that they are barred by the applicable statute of limitations, including but not limited to 15 U.S.C. § 1681p or by the doctrine of laches.

### EIGHTH AFFIRMATIVE DEFENSE
### (Set-Off/Recoupment)

The Plaintiffs' recovery from Experian, if any, is barred or limited, in whole or in part, under the principle of set-off and recoupment for damages or settlement amounts received by the Plaintiffs from others.

### NINTH AFFIRMATIVE DEFENSE
### (Right to Assert Additional Defenses)

Experian reserves the right to assert additional affirmative defenses at such time and to such extent as warranted by discovery and the factual developments in this case.

WHEREFORE, Defendant Experian Information Solutions, Inc. prays as follows:

(1) That Plaintiffs take nothing by virtue of the Complain herein and that this action be dismissed in its entirety;

(2) For costs of suit and attorneys' fees incurred herein; and

(3) For such other and further relief as the Court may deem just and proper.


Dated: February 7, 2008                     Respectfully submitted,


                                            /s/  Joseph W. Clark
                                            Joseph W. Clark  (D. C. Bar No. 468782)
                                            Tashena M. Moore
                                            JONES DAY
                                            51 Louisiana Avenue, N.W.
                                            Washington, DC  20001-2113
                                            Telephone:  (202) 879-3939
                                            Facsimile:   (202) 626-1700

                                            Counsel for Defendant
                                            EXPERIAN INFORMATION SOLUTIONS, INC.

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of February, 2008, a copy of the foregoing **DEFENDANT EXPERIAN'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** was filed with the Clerk of the Court using the CM/ECF system, which then sent notification of such filing to the following:

>Brian R. Meiners
>Megan K. Greene
>King & Spalding LLP
>1700 Pennsylvania Ave. NW
>Suite 200
>Washington, D.C. 20006-2706
>Phone: (202) 626-2910
>
>K. Ann Broussard
>King & Spalding LLP
>1180 Peachtree Street N.W.
>Atlanta, GA 30309-3521
>Phone: (404) 572-4600
>
>Counsel for Defendant
>Equifax Information Services, LLC

I also certify that a copy was served by First Class mail on the following persons unable to receive service electronically:

>Nettie B. Nichols
>John H. Nichols
>308 Oglethorpe St., NE
>Washington, D.C. 20011
>
>Plaintiffs, *pro se*

Dated: February 7, 2008                              /s/     Joseph W. Clark
                                                             Joseph W. Clark