UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NETTIE B. NICHOLS and JOHN H. NICHOLS,<br><br>          Plaintiff,<br><br>     v.<br><br>EQUIFAX CREDIT BUREAU, EXPERIAN, and TRANSUNION CONSUMER RELATIONS<br><br>          Defendants. | Case: 1:08-cv-00185<br>Assigned To : Bates, John D. |

**Rule 26(f) Report Submitted by Plaintiff John and Nettie Nichols and
Defendants Equifax Credit Bureau, Experian and Transunion Consumer Relations**

Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on April 14, 2008, and was attended by:

Counsel for Plaintiffs: Karl-Henri Gauvin
Counsel for Defendants: K. Ann Broussard, Mae Cheung and Timothy Creech

(1)   Whether the case is likely to be disposed of by dispositive motion; and whether, if a dispositive motion has already been filed, the parties should recommend to the court that discovery or other matters should await a decision on the motion.

Plaintiffs do not believe that this matter can be disposed of by dispositive motion. Defendants are undecided due to limited information.

(2)   The date by which any other parties shall be joined or the pleadings amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.

Date for amended pleadings/joinder of parties:  May 16th.  As to factual/legal issues to be narrowed and/or agreed up, parties stated that it is too early to address this.

(3)   Whether the case should be assigned to a magistrate judge for all purposes, including trial.

No.

(4)   Whether there is a realistic possibility of settling the case.

Yes.

(5) Whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients.

Parties are willing, if needed, but are also still engaging in discussions regarding settlement.

(6) Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for a decision on the motions.

Summary judgment motions due on Dec. 5, 2008; Parties did not discuss a date for oppositions, replies, or proposed dates for decision on motions.

(7) Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.

Parties agree to serve 26(a)(1) disclosures on or before Friday, April 18, 2008.

(8) The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, requests for admissions, and depositions.

Parties have agreed that discovery closes on September 30, 2008.

(9) Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2), F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.

Plaintiffs' expert report: October 15, 2008; Defendants' expert report(s): October 30, 2008.

(10) In class actions, appropriate procedures for dealing with Rule 23, F.R.Civ.P. proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.

N/A

(11) Whether the trial and/or discovery should be bifurcated or managed in phases,

and a specific proposal for such bifurcation.

No.

(12) The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).

Date for pretrial conference:  After Summary Judgment and/or other dispositive motions decided.

(13) Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.

Date for trial:  After Summary Judgment and/or other dispositive motions decided.

(14) Such other matters that the parties believe may be appropriate for inclusion in a scheduling order.

None.

                    Respectfully submitted,

                    /s/ Karl-Henri Gauvin
                    Karl-Henri Gauvin Bar No. 487574
                    1001 Pennsylvania Avenue, NW Suite 600
                    Washington, DC 20004
                    Phone: 202-742-6775
                    Kgauvin@Gauvinlawfirm.com

                    Counsel for Plaintiff

**CERTIFICATE OF SERVICE**

I hereby certify that on April 14, 2008, I electronically filed the foregoing Rule 26(f) Report Submitted by Plaintiffs John and Nettie Nichols with the Clerk of the Court using CM/ECF system which will send notification of such filing to K. Ann Broussard, Esq. (Attorney for Defendant Experian), Mae Cheung (Attorney for Defendant Equifax) and Timothy Creech., Esq. (Attorney for Defendant Transunion).

Respectfully submitted,

/s/ Karl-Henri Gauvin
Karl-Henri Gauvin Bar No. 487574
1001 Pennsylvania Avenue, NW Suite 600
Washington, DC 20004
Phone: 202-742-6775
Kgauvin@Gauvinlawfirm.com

Counsel for Plaintiff