UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NETTIE B. NICHOLS and JOHN H. NICHOLS,<br><br>      Plaintiff,<br><br>v.<br><br>EQUIFAX CREDIT BUREAU, EXPERIAN, and TRANSUNION CONSUMER RELATIONS<br><br>      Defendants. | Case: 1:08-cv-00185<br>Assigned To: Bates, John D.<br><br>**JURY DEMAND REQUESTED** |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW the Plaintiff, [John and Nettie Nichols], (hereafter collectively the "Plaintiffs") by counsel, and for their complaint against the Defendants, allege as follows:

**PRELIMINARY STATEMENT**

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act).

**JURISDICTION**

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. Plaintiffs are natural persons and residents of the District of Columbia. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, L.L.C ("Equifax") is a corporation authorized to do business in the District of Columbia.

5. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EXPERIAN ("Experian") is a corporation authorized to do business in the District of Columbia.

8. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).  Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, TRANSUNION CONSUMER RELATONS ("TransUnion") is a corporation authorized to do business in the District of Columbia.

11. Upon information and belief, TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f).  Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

13. In March 2004, the Credit Bureaus reported that Plaintiffs owed Hickory Hill Apartments $1,250 in a judgment on our credit files. Hickory Hill wrote them a letter dated, September 28, 2004, stating, "John and Nettie Nichols have satisfied all debt owed for March 2004, furthermore, all legal filings have been dismissed. Mr. and Mrs. Nichols rental account is currently in good standing". After receiving knowledge that this was erroneous information, the Credit Bureaus refused to remove it and is still reporting, three years later, on our credit file, which is libelous and damaging to our credit worthiness. This is a violation of the Fair Credit Reporting Act. The Credit Bureaus have reported Hickory Hill on our credit report, with clear knowledge that it is false information, knowing this is maliciously damaging to our credit worthiness. After threatening to take further action if they did not remove this from our credit file, they updated our credit files in November 2007. Equifax deleted Hickory Hill's judgment from our credit file, but Experian only deleted it from my husband's (John Nichols) file and not mine. Experian stated, "This item was verified and updated on July 2006, scheduled to continue on record until March 2011."

14. Experian and Equifax have been reporting on Plaintiffs' credit file, Ford Motor Credit account 2520 . . ., Date Opened, 9/2000; High Credit, $43,060; Scheduled Payment, $717; Balance owed, $0; Date of last activity, 05/2004; as derogatory, repossession. Ford Credit has asked them to remove the words "repossession" and to report "paid charge off, zero balance owing". Ford sent the credit bureaus a letter dated, June 29, 2006, referencing the account with zero balance, yet the bureaus have not changed it. Ford wrote them a second letter on September 26, 2007, requesting all three Credit Bureaus to correct their comments on our credit file to read, "Paid charge off, zero balance owing," but Equifax refuses to do so after two letters from Ford. In Equifax's November 2, 2007, reply, they wrote that the disputed Ford Credit account number

48063000000025206543 is not currently reporting on my credit file, yet they have the account listed on page 5 of 10 on my credit report.

    15. According to Tracy at Ford Motor Credit, they updated their computer system and replaced account JTA144 . . . with account 2520 . . . ., and notified the credit bureaus of the change.  Equifax is still reporting the old account number: JTA144 . . . and account 2520 . . . as though they are two separate accounts with two separate vehicles opened at the same time, and closed out on different dates.  JTA 144 . . ., Date opened, 9/2000; High Credit, $43,060; owing, $27,974; Scheduled Payment, $717; past due $1,420 with 59 days past due.  Ford requested them to remove the second vehicle (old account number JTA 144 . . .) from my credit file. Equifax has not removed it and by not doing so, they are purposely damaging my credit worthiness by showing my creditors that I have two repossessed vehicles, knowing that this is false information.  This is negligent, subversive, and destructive to our credit worthiness.  We ask the court to have the Credit Bureaus remove repossession and derogatory from our credit report and to remove account JTA 144 . . . from my credit file.

    16. Experian, Equifax, and TransUnion are reporting that Plaintiffs have a written-off account with CFC.  Plaintiffs provided information to the credit bureaus concerning this account showing that Plaintiffs did not owe CFC.  On February 15, 2001, Plaintiffs went to settlement with CENTEX Home Equity, to pay off CFC in the amount of $8,250.00 in full.  The credit bureaus are reporting, paid after charge off and written off $438, August 2002.  This is false information.  Plaintiffs ask for this to be removed from their credit report immediately.

    17. The credit bureaus have reported me owing LVNV Funding $83.00 formerly MCI. This was not my MCI account.  I contacted LVNV Funding and they sent me an apology letter

and requested that the credit bureau remove this from my credit report. Even after the request of the creditor to have it removed, this information still remains.

     18. In January 2007, the city of New Orleans ordered all Hurricane-Katrina victims back to the city of New Orleans who had not repaired their properties to come into compliance with the city. According to the city of New Orleans, the raw sewage and dead bodies caused a hazardous gas to seep into the drywall of the city homes. All homes must be gutted to remove mold and poisonous gas from drywall, or property would be confiscated, torn down or sold to revitalize the city of New Orleans. On April 13, 2007, my husband and I began work on our home in New Orleans. We were unable to obtain a loan due to the derogatory information on our credit report. We were forced to use all of our savings and whatever we could borrow from family. Due to the damage caused by Hurricane Katrina, we have exhausted all of our funds. The credit bureaus have hindered our opportunity to do business with the banks. Now my husband is being reported three times, 30 days late, on our home mortgage because we were hindered from the opportunity to obtain a mortgage loan. We have worked hard over the last three years to make sure that we were not late on any of our bills, but the credit bureau have made it difficult for us to maintain and live a normal life by reporting false and derogatory information on our credit report. We ask that his score be raised to 750 or above.

     19. We applied for a home equity loan to repair the house we just inherited which was struck by lightning and burned before I had the opportunity to insure it. I have not been able to get a loan to repair it because of the derogatory information reporting that I am a poor credit risk, which is not true. If you take a look at my credit report, you will see I pay my bills on time. I ask for your help in resolving this matter. Please raise my credit score to 750 that I may obtain a loan to catch up on my bills and repair my home. The Credit Bureaus are purposely hindering us

from doing business with the banks. My middle score has dropped from 635 to 555; I have not missed a payment to my creditors in more than two years. My score should have increased, instead, it decreased.. I have been denied credit due to this false information from the following: BB& T, Countrywide, Suntrust, Chase, and Indymac Banks. Six months ago our credit scores were 635 and above. The banks had agreed that when I found a bonded and license contractor, a resident of Harris County, Texas, they would give me a loan. All that changed when the credit bureaus dropped my credit score to 555 without a valid reason. I am in good standing with all of my creditors. I ask that my credit score be raised to 750 or higher, or as you deem appropriate and that we be recompensed from each bureau $50,000 in damages or what you determine suitable.

**FIRST CLAIM FOR RELIEF AGAINST EQUIFAX**

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

23. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**SECOND CLAIM FOR RELIEF AGAINST EQUIFAX**

25. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

26. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

27. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

28. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

30. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

31. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

32. As a result of this conduct, action and inaction of Experian, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

33. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

35. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

36. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable

procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

37. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38. Experian's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

39. The Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

**FIRST CLAIM FOR RELIEF AGAINST TRANSUNION**

40. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

41. TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

42. As a result of this conduct, action and inaction of TransUnion, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

43. TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

44.  The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

### SECOND CLAIM FOR RELIEF AGAINST TRANSUNION

45.  Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

46. TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

47.  As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48. TransUnion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

49.  The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

Your Honor, the Defendants have caused damages, stress, and ruin to Plaintiffs because of their negligence to comply with the Fair Credit Reporting Act.  Plaintiffs demand judgment against Defendants in the sum of $150,000, or what your Honor deems fair, have them remove repossession and derogatory from our credit report, remove Hickory Hill's judgment, remove Ford account JTA 144 . . ., remove CFC charge off, less than full balance, remove $83 owed to LVNV Funding, and increase my credit score to 750 for damages that have been done to our credit worthiness.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

/s/ Karl-Henri Gauvin
Karl-Henri Gauvin Bar No. 487574
1001 Pennsylvania Avenue, NW Suite 600
Washington, DC 20004
Phone: 202-742-6775
Kgauvin@Gauvinlawfirm.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing First Amended Complaint submitted by Plaintiffs John and Nettie Nichols with the Clerk of the Court using CM/ECF system which will send notification of such filing to K. Ann Broussard, Esq. (Attorney for Defendant Experian), Mae Cheung (Attorney for Defendant Equifax) and Timothy Creech Esq. (Attorney for Defendant Transunion).

Respectfully submitted,

/s/ Karl-Henri Gauvin
Karl-Henri Gauvin Bar No. 487574
1001 Pennsylvania Avenue, NW Suite 600
Washington, DC 20004
Phone: 202-742-6775
Kgauvin@Gauvinlawfirm.com

Counsel for Plaintiff