**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **NETTIE B. NICHOLS AND JOHN H. NICHOLS,** | § § § | |
| **Plaintiffs,** | § § | **CIVIL NO. 1:08-cv-00185-JDB** |
| **v.** | § § | |
| **EQUIFAX CREDIT BUREAU, EXPERIAN AND TRANSUNION CONSUMER RELATIONS,** | § § § § | |
| **Defendants.** | § § | |

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' JOINT MOTION TO STRIKE PLAINTIFFS'
FIRST AMENDED COMPLAINT AND JURY DEMAND**

Defendants Equifax Information Services LLC ("Equifax"), improperly identified as

Equifax Credit Bureau, Experian Information Solutions, Inc., ("Experian"), improperly identified

as Experian, and Trans Union LLC ("Trans Union"), improperly identified as Transunion

Consumer Relations (collectively, "Defendants"), by their respective undersigned counsel,

jointly move this Court to strike Plaintiffs' First Amended Complaint as improper under Fed. R.

Civ. P. 15(a)(2).  Furthermore, Defendants move to strike Plaintiffs' jury demand, contained in

the Amended Complaint, as untimely and therefore waived under Fed. R. Civ. P. 38(b, d).

**STATEMENT OF FACTS**

On January 8, 2008, Plaintiffs Nettie B. Nichols and John H. Nichols (collectively,

"Plaintiffs") filed a Complaint against Defendants in District of Columbia Superior Court.

<u>(Exhibit A)</u>.  In that Complaint, Plaintiffs did not demand a jury trial.[1]  Nor did Plaintiffs demand

a jury trial prior to the removal of the action to this Court on January 31, 2008.  Equifax filed its

---

[1] Rule 38 of the D.C. Superior Court's Rules of Civil Procedure are substantially similar to Fed. R. Civ. P. 38, the rule regarding jury demands.  The only significant difference in the D.C. Superior Court's Rule 38 is the deletion of a parallel rule to Fed. R. Civ. P. 38(e), regarding right to jury trial in admiralty and maritime claims.

Answer to Plaintiffs' Complaint on January 31, 2008. Experian's Answer was filed on February 7, 2008, and Trans Union filed its Answer on March 5, 2008.[2] None of the Defendants demanded a jury trial.

On June 16, 2008, the deadline set by this Court for the filing of Amended Pleadings, the Plaintiffs filed their First Amended Complaint ("the Amended Complaint") (Exhibit B), demanding a jury trial for the first time in this action. The Amended Complaint alleged no new facts. Rather, it simply specified jurisdiction, listed the parties, reformatted the paragraphs so that they were numbered, and clarified the counts alleged against Defendants. At no time did Plaintiffs request the Defendants' written consent or leave of this Court to file the Amended Complaint.

## I.    Plaintiffs' First Amended Complaint Should Be Stricken For Failure to Comply with Federal Rule of Civil Procedure 15(a)(2)

FED. R. CIV. P. 15(a) sets forth the circumstances under which a party may amend a pleading. Under Rule 15(a)(1) any party may amend a pleading once before a responsive pleading is served or within 20 days of serving the pleading provided that no responsive pleading is allowed and the action has not yet been set for trial. FED. R. CIV. P. 15(a)(1). Rule 15(a)(2) addresses the amending of pleadings in circumstances other than those described in Rule 15(a)(1). It states: "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." FED. R. CIV. P. 15(a)(2)

Plaintiffs filed the Amended Complaint long after Defendants' filed their Answers. Thus, Rule 15(a)(1) does not apply, and Plaintiffs' Amended Complaint falls under Rule 15(a)(2). In other words, the Amended Complaint could only be properly filed by written consent of all

---

[2] Due to complications with service of process, Trans Union was not served with the Complaint until February 13, 2008.

parties or by leave of the Court.  Because Plaintiffs sought neither, Plaintiffs' Amended

Complaint was improper and this Court should grant Defendants' motion to strike it.

## II.    <u>Plaintiffs Waived Their Right To Jury Trial Under Fed. R. Civ. P. 38</u>

Additionally, Plaintiffs' jury demand should be stricken as having been waived under

Fed. R. Civ. P. 38. Rule 38(b) requires that a jury demand be served "no later than 10 days after

the last pleading directed to the issue is served…."  The failure to file a timely demand

constitutes a waiver of a plaintiff's right to a jury trial.  Fed. R. Civ. P. 38(d).  *See also United*

*States v. TDC Management Co.,* 1991 WL 29896 (D.D.C.) (granting motion to strike untimely

jury demand).

Typically, the last defendant's answer to a claim or counterclaim is the last pleading for

purposes of Rule 38(b).  *Jones v. Boyd*, 161 F.R.D. 48, 49 (E.D.Va. 1995), *citing Bentler v. Bank*

*of America Nat'l. Trust & Sav. Ass'n.,* 959 F.2d 138,141 (9th Cir. 1992).  If, however, a plaintiff

files an Amended Complaint that raises new issues, then the right to demand a jury trial is

revived as to those issues and a party is allowed another 10 days to make a jury demand.  *Jones*,

161 F.R.D. at 49.  *See also* 9 Wright and Miller, *Federal Practice and Procedure* § 2320 at 241-

242 (2008).  In the present case, Plaintiffs' jury demand was made well-beyond the 10-day

window allotted by Fed. R. Civ. P. 38(b).  Furthermore, the Amended Complaint does not raise

new issues and, therefore, does not revive Plaintiffs' right to jury trial.  The Plaintiffs' jury

demand should be stricken.

### A.    Plaintiffs' Jury Demand Is Untimely

Trans Union's Answer to Plaintiffs' Complaint was filed on March 5, 2008.  Under Fed.

R. Civ. P. 6(a, d) and 5(b)(2)(C), the rules for calculation of time after service by mail, Plaintiffs

had until March 18, 2008 – 13 days from the date of Trans Union's Answer – by which to file

and serve a jury demand.  Instead, Plaintiffs' jury demand was made on June 16, 2008, 90 days

after the date allowed by the Federal Rules.  Because Plaintiffs' jury demand was not timely,

their right to jury trial must be deemed waived.  FED. R. CIV. P. 38(d).

**B.    Plaintiffs' Amended Complaint Does Not Revive Plaintiffs' Right to Demand A Jury Trial Because It Does Not Raise New Issues**

While the filing of an amended complaint may revive a party's right to jury trial, such a

right is only revived if the amended complaint raises new issues.  9 Wright and Miller, *Federal*

*Practice and Procedure* § 2320 at 241-242 (2008).  *See also W. Geophysical Co. of Am. V. Bolt*

*Assocs. Inc*, 440 F.2d 765, 769 (2d Cir. 1971).  Plaintiffs' Amended Complaint does not.

Changes such as specifying jurisdiction, listing parties, and numbering paragraphs do not raise

new issues.  *Harris v. Thrift Stores of Washington D.C.*, 163 F.R.D. 485, 486 (D.Md) (holding

that amendments that were "ministerial in nature" did not create new issues and, therefore, did

not revive a right to demand a jury trial).  Plaintiffs' clarification of their legal theories also does

not create a new issue triable by a jury.  *Lawrence v. Hanson*, 197 F. Supp. 2d 533, 536 (W.D.Va

2002) ("[T]he proposed amendment involves a clarification rather than the introduction of a new

issue and, for that reason, does not revive the plaintiff's waiver under Rule 38 by failure to

demand jury trial.").

Even if Defendants were to concede that the clarification of Plaintiffs' counts raised new

legal theories – which Defendants do not – Plaintiffs' Amended Complaint still does not raise

new issues sufficient to revive their right to a jury trial.  *Trixler Brokerage Co. v. Ralston Purina*

*Co.*, 505 F. 2d 1045, 1050 (9th Cir. 1974) ("[T]he presentation of a new *theory* does not

constitute the presentation of a new *issue* on which a jury trial should be granted … under Rule

38(b).") (emphasis in original).  *Accord In re Apponline.Com., Inc.,* 202 B.R. 723, 727 (E.D.N.Y.

2004).  The reason for this is that "Rule 38(b) is concerned with issues of *fact*." *Lutz v. Glendale*

*Union High School*, 403 F. 3d 1061, 1066 (9th Cir. 2005) (emphasis in original). The Amended Complaint alleges no new facts and, therefore, raises no new issues. *Westchester Day School v. Mamaroneck*, 504 F. 3d 338, 356 (2d Cir. 2007) ("An amended complaint asserting new theories of recovery based on the same facts as the original complaint, will not renew a [party's] right to a jury trial when that right was waived with respect to the original complaint.") (*citing* 8 James Wm. Moore, *Moore's Federal Practice* § 38.50[8][d]). Plaintiffs' right to jury trial is therefore not revived by the Amended Complaint, and their jury demand should be stricken.

### III.  <u>CONCLUSION</u>

For these reasons, this Court should enter an Order striking Plaintiffs' Amended Complaint as improperly filed under FED. R. CIV. P. 15(a)(2) and Plaintiffs' jury demand as untimely and therefore waived under FED. R. CIV. P. 38.

Dated: July 14, 2008                         Respectfully submitted,


                                                  /s/  Mae Cheung
                                             Mae Cheung  (493652)
                                             Joseph W. Clark  (468782)
                                             JONES DAY
                                             51 Louisiana Avenue, N.W.
                                             Washington, D.C.  20001-2113
                                             Telephone:     (202) 879-3939
                                             Facsimile:     (202) 626-1700

                                             *Counsel for Defendant*
                                             *Experian Information Solutions, Inc.*

Dated: July 14, 2008                    Respectfully submitted,


                                         /s/  H. Mark Stichel (*with permission*)
                                        H Mark Stichel (D.C. Bar No. 503038)
                                        GOHN, HANKEY & STICHEL, LLP
                                        201 North Charles Street
                                        Suite 2101
                                        Baltimore, MD 21201
                                        Phone: (410) 752-1658
                                        Fax: (410) 752-2519

                                        Timothy P. Creech (*pro hac vice*)
                                        Bruce S. Luckman (*pro hac vice*)
                                        KOGAN, TRICHON & WERTHEIMER, P.C.
                                        1818 Market St., 30th Floor
                                        Philadelphia, PA 19103
                                        Phone: (215) 575-7600
                                        Fax: (215) 575-7688

                                        *Counsel for Defendant*
                                        *Trans Union, LLC*

Dated: July 14, 2008                    Respectfully submitted,


                                        /s/   Keasha Ann Broussard (*with permission*)
                                        K. Ann Broussard (*pro hac vice*)
                                        KING & SPALDING LLP
                                        1180 Peachtree Street N.W.
                                        Atlanta, GA 30309-3521
                                        Phone: (404) 572-4600
                                        Fax: (404) 572-5100

                                        Megan K. Greene (D.C. Bar No. 488428)
                                        KING & SPALDING LLP
                                        1700 Pennsylvania Ave., N.W.
                                        Suite 200
                                        Washington, D.C. 20006-2706
                                        Phone: (202) 737-0500
                                        Fax: (202) 626-3737

                                        *Counsel for Defendant*
                                        *Equifax Information Services, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 14th day of July, 2008, I have caused the foregoing

**STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS'**

**MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT AND JURY**

**DEMAND** to be served via the ECF system upon the following:


**Karl-Henri Gauvin**
Gauvin Law Firm
1001 Pennsylvania Ave., N.W.
Suite 600
Washington, D.C. 20004
Phone: (202) 742-6775
*Counsel for Plaintiffs*
*Nettie B. Nichols and John H. Nichols*

**Megan K. Greene**
KING & SPALDING LLP
1700 Pennsylvania Ave., N.W.
Suite 200
Washington, D.C. 20006-2706
Phone: (202) 737-0500
Fax: (202) 626-3737
*Counsel for Defendant*
*Equifax Information Services, LLC*

**K. Ann Broussard**
KING & SPALDING LLP
1180 Peachtree Street N.W.
Atlanta, GA 30309-3521
Phone: (404) 572-4600
Fax: (404) 572-5100
*Counsel for Defendant*
*Equifax Information Services, LLC*

**H Mark Stichel**
GOHN, HANKEY & STICHEL, LLP
201 North Charles Street
Suite 2101
Baltimore, MD 21201
Phone: (410) 752-1658
Fax: (410) 752-2519
*Counsel for Defendant*
*Trans Union, LLC*

**Bruce S. Luckman**
**Timothy P. Creech**
KOGAN, TRICHON & WERTHEIMER, P.C.
1818 Market St., 30th Floor
Philadelphia, PA 19103
Phone: (215) 575-7600
Fax: (215) 575-7688
*Counsel for Defendant*
*Trans Union, LLC*



   /s/ Mae Cheung            
         Mae Cheung

**EXHIBIT A**

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

Nettie B Nichols               )
John H. Nichols                )
308 Oglethorpe St. N.E.        )
Washington D.C. 20011          )
                               )
     Plaintiff,          )
                               )
     vs.                 )
                               )
Equifax Credit Bureau          )
P.O. Box 740256                )
Atlanta, GA 30348              )
                               )
NCAC                           )
P.O. Box 9556                  )
Allen, TX 750313               )
                               )
TransUnion Consumer Relations  )
P.O. Box 2000                  )
Chester, PA 19022-2000         )
                               )
     Defendant.          )
                               )

0000112-08

RECEIVED
Civil Clerk's Office
JAN 0 8 2008
Superior Court of the
District of Columbia
Washington, D.C.

## COMPLAINT THAT EQUIFAX, EXPERIAN, AND TRANSUNION
## ARE IN NEGLIGENCE OF THE FAIR CREDIT REPORTING ACT

Complaint that Equifax, Experian, and TransUnion Credit Bureaus are in negligence of

the Fair Credit Reporting Act, 15 U.S.C.A. 1681o.

### Background

Equifax, Experian, and TransUnion (Credit Bureaus) have purposely hindered our

personal and financial growth by reporting false derogatory information on our credit file with

the following companies: Ford Motor Credit Corporation (FMCC), Hickory Hill Apartments,

Consumer Finance Corporation (CFC), and LVNV Funding.

1. In March 2004, the Credit Bureaus reported that we owed Hickory Hill Apartments $1,250 in a judgment on our credit files. Hickory Hill wrote them a letter dated, September 28, 2004, stating, "John and Nettie Nichols have satisfied all debt owed for March 2004, furthermore, all legal filings have been dismissed. Mr. and Mrs. Nichols rental account is currently in good standing" **(see Exhibit A).** After receiving knowledge that this was erroneous information, the Credit Bureaus refused to remove it and is still reporting, three years later, on our credit file, which is libelous and damaging to our credit worthiness **(see Exhibit A-2)**. This is a violation of the Fair Credit Reporting Act. The Credit Bureaus have reported Hickory Hill on our credit report, with clear knowledge that it is false information, knowing this is maliciously damaging to our credit worthiness. After threatening to take further action if they did not remove this from our credit file, they updated our credit files in November 2007. Equifax deleted Hickory Hill's judgment from our credit file, but Experian only deleted it from my husband's (John Nichols) file, **(see Exhibit A-1)**, and not mine, **(see Exhibit A-2)**. Experian stated, "This item was verified and updated on July 2006, scheduled to continue on record until March 2011."

2. Experian and Equifax have been reporting on my credit file, Ford Motor Credit account 2520 . . ., Date Opened, 9/2000; High Credit, $43,060; Scheduled Payment, $717; Balance owed, $0; Date of last activity, 05/2004; as derogatory, repossession. Ford Credit has asked them to remove the words "repossession" and to report "paid charge off, zero balance owing,"**(see Exhibit B-1).** Ford sent the credit bureaus a letter dated, June 29, 2006 **(see Exhibit B)**, referencing the account with zero balance, yet the bureaus have not changed it. Ford

wrote them a second letter on September 26, 2007 (see Exhibit B-1), requesting all three Credit Bureaus to correct their comments on our credit file to read, "Paid charge off, zero balance owing," but Equifax refuses to do so after two letters from Ford. In Equifax's November 2, 2007, reply, they wrote that the disputed Ford Credit account number 48063000000025206543 is not currently reporting on my credit file, yet they have the account listed on page 5 of 10 (see Exhibit B-2 ) on my credit report.

According to Tracy at Ford Motor Credit, they updated their computer system and replaced account JTA144 . . . with account 2520 . . . ., and notified the credit bureaus of the change. Equifax is still reporting the old account number: JTA144 . . . and account 2520 . . . as though they are two separate accounts with two separate vehicles opened at the same time, and closed out on different dates. JTA 144 . . ., Date opened, 9/2000; High Credit, $43,060; **owing, $27,974;** Scheduled Payment $717; **past due $1,420 with 59 days past due (see Exhibit B-2).** Ford requested them to remove the second vehicle (old account number JTA 144 . . .) from my credit file. Equifax has not removed it and by not doing so, they are purposely damaging my credit worthiness by showing my creditors that I have two repossessed vehicles, knowing that this is false information.  This is negligent, subversive, and destructive to our credit worthiness. We ask the court to have the Credit Bureaus remove repossession and derogatory from our credit report and to remove account JTA 144 . . . from my credit file.

3. Experian, Equifax, and TransUnion are reporting that I have a written-off account with CFC (see Exhibit C-1).  I provided information to them concerning this account showing that I do not owe CFC.  On February 15, 2001, I went to settlement with CENTEX

Home Equity, to pay off CFC in the amount of $8,250.00 in full **(see Exhibit C).** The credit bureaus are reporting, paid after charge off and written off $438, August 2002. This is false information. I ask for this to be removed from my credit report immediately.

4. The credit bureaus have reported me owing LVNV Funding $83.00 **(see Exhibits D-1 and D-2)** formerly MCI. This was not my MCI account. I contacted LVNV Funding and they sent me an apology letter and requested that the credit bureau remove this from my credit report **(see Exhibit D).** Even after the request of the creditor to have it removed, this information still remains.

In January 2007, the city of New Orleans ordered all Hurricane-Katrina victims back to the city of New Orleans who had not repaired their properties to come into compliance with the city **(see Exhibit F).** According to the city of New Orleans, the raw sewage and dead bodies caused a hazardous gas to seep into the drywall of the city homes. All homes must be gutted to remove mold and poisonous gas from drywall, or property would be confiscated, torn down or sold to revitalize the city of New Orleans. On April 13, 2007, my husband and I began work on our home in New Orleans. We were unable to obtain a loan due to the derogatory information on our credit report. We were forced to use all of our savings and whatever we could borrow from family. Due to the damage caused by Hurricane Katrina, we have exhausted all of our funds. The credit bureaus have hindered our opportunity to do business with the banks. Now my husband is being reported  three times, 30 days late, on our home mortgage because we were hindered from the opportunity to obtain a mortgage loan. We have worked hard over the last three years to make sure that we were not late on any of our bills, but the credit bureau have

made it difficult for us to maintain and live a normal life by reporting false and derogatory

information on our credit report.  We ask that his score be raised to 750 or above.


We applied for a home equity loan to repair the house we just inherited which was

struck by lightning and burned before I had the opportunity to insure it **(see Exhibit E)**.  I have

not been able to get a loan to repair it because of the derogatory information reporting that I am a

poor credit risk, which is not true.  If you take a look at my credit report  **(Exhibit G)**, you will

see I pay my bills on time.  I ask for your help in resolving this matter.  Please raise my credit

score to 750 that I may obtain a loan to catch up on my bills and repair my home.  The Credit

Bureaus are purposely hindering us from doing business with the banks.  My middle score has

dropped from 635 to 555; I have not missed a payment to my creditors in more than two years.

My score should have increased, instead, it decreased..  I have been denied credit due to this false

information from the following: BB& T, Countrywide, Suntrust, Chase, and Indymac Banks.  Six

months ago our credit scores were 635 and above.  The banks had agreed that when I found a

bonded and license contractor, a resident of Harris County, Texas, they would give me a loan.

All that changed when the credit bureaus dropped my credit score to 555 without a valid reason.

I am in good standing with all of my creditors.  I ask that my credit score be raised to 750 or

higher, or as you deem appropriate and that we be recompensed from each bureau $50,000 in

damages or what you determine suitable.


The Credit Bureaus have hindered our opportunity to receive a loan from lending

institutions.  They have knowingly reported false information on our credit reports.  They were

aware since September 28, 2004 (three and a half years ago) of the fact that I did not owe

Hickory Hill, and that there was no judgment placed against me **(See Exhibit A)**.  They also were aware before June 29, 2006, that my account with Ford was clear and I did not owe them any money **(see Exhibit B-1)**.  They refuse to report correct information, and they also knew that I did not owe CFC.  That account was paid in full February 2001, yet they are still reporting: written off August 2002.

Your Honor, the Defendants have caused damages, stress, and ruin to Plaintiffs because of their negligence to comply with the Fair Credit Reporting Act.  Plaintiffs demand judgment against Defendants in the sum of $150,000, or what your Honor deems fair, have them remove repossession and derogatory from our credit report, remove Hickory Hill's judgment, remove Ford account JTA 144 . . ., remove CFC charge off, less than full balance, remove $83 owed to LVNV Funding, and increase my credit score to 750 for damages that have been done to our credit worthiness.

Respectfully submitted,

Nettie Nichols

John Nichols

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true copy of the foregoing Plaintiff's Complaint of Equifax, Experian, and TransUnion Negligence of the Fair Credit Reporting Act, and proposed Order, was mailed, first class, postage prepaid this 8th day of January 2008, to:


Equifax Credit Bureau                    NCAC
P.O. Box 740256                          P.O. Box 9556
Atlanta, GA 30348                        Allen, TX 750313

TransUnion Consumer Relations
P.O. Box 2000
Chester, PA 19022-2000



_____
Nettie B Nichols

_____
John H.  Nichols

## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| **Nettie B Nichols**<br>**John H. Nichols**<br>**308 Oglethorpe St. N.E.**<br>**Washington D.C. 20011**<br><br>**Plaintiff,**<br><br>**vs.**<br><br>**Equifax Credit Bureau**<br>**P.O. Box 740256**<br>**Atlanta, GA 30348**<br><br>**NCAC**<br>**P.O. Box 9556**<br>**Allen, TX 750313**<br><br>**TransUnion Consumer Relations**<br>**P.O. Box 2000**<br>**Chester, PA 19022-2000**<br><br>**Defendants.** | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## <u>ORDER</u>

This Court, having fully considered the Plaintiff's complaint and demand for judgment

against Defendant for damages, it is, this _____ day of _____, 2008,

ORDERED, that judgment for Plaintiffs be granted.

SO ORDERED:

_____
Judge

Copies to:

Equifax Credit Bureau
P.O. Box 740256
Atlanta, GA 30348

NCAC
P.O. Box 9556
Allen, TX 750313

TransUnion Consumer Relations
P. O. Box 2000
Chester, PA 19022-2000

John and Nettie Nichols
308 Oglethorpe St. N.E.
Washington, D.C. 20011

**EXHIBIT B**

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| NETTIE B. NICHOLS and JOHN H. NICHOLS, | ) ) ) ) | |
| Plaintiff, | ) ) | Case: 1:08-cv-00185 Assigned To: Bates, John D. |
| v. | ) ) | **JURY DEMAND** |
| EQUIFAX CREDIT BUREAU, EXPERIAN, and TRANSUNION CONSUMER RELATIONS | ) ) ) ) | **REQUESTED** |
| Defendants. | ) | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW the Plaintiff, [John and Nettie Nichols], (hereafter collectively the "Plaintiffs") by counsel, and for their complaint against the Defendants, allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 *et seq*. (Federal Fair Credit Reporting Act).

### JURISDICTION

2. The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. 1367.

3. Plaintiffs are natural persons and residents of the District of Columbia. Plaintiffs are "consumers" as defined by 15 U.S.C. § 1681a(c).

4. Upon information and belief, EQUIFAX INFORMATION SERVICES, L.L.C ("Equifax") is a corporation authorized to do business in the District of Columbia.

5. Upon information and belief, Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

6. Upon information and belief, Equifax disburses such consumer reports to third parties under contract for monetary compensation.

7. Upon information and belief, EXPERIAN ("Experian") is a corporation authorized to do business in the District of Columbia.

8. Upon information and belief, Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties

9. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

10. Upon information and belief, TRANSUNION CONSUMER RELATONS ("TransUnion") is a corporation authorized to do business in the District of Columbia.

11. Upon information and belief, TransUnion is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Upon information and belief, TransUnion is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12. Upon information and belief, TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

13. In March 2004, the Credit Bureaus reported that Plaintiffs owed Hickory Hill Apartments $1,250 in a judgment on our credit files. Hickory Hill wrote them a letter dated, September 28, 2004, stating, "John and Nettie Nichols have satisfied all debt owed for March 2004, furthermore, all legal filings have been dismissed. Mr. and Mrs. Nichols rental account is currently in good standing". After receiving knowledge that this was erroneous information, the Credit Bureaus refused to remove it and is still reporting, three years later, on our credit file, which is libelous and damaging to our credit worthiness. This is a violation of the Fair Credit Reporting Act. The Credit Bureaus have reported Hickory Hill on our credit report, with clear knowledge that it is false information, knowing this is maliciously damaging to our credit worthiness. After threatening to take further action if they did not remove this from our credit file, they updated our credit files in November 2007. Equifax deleted Hickory Hill's judgment from our credit file, but Experian only deleted it from my husband's (John Nichols) file and not mine. Experian stated, "This item was verified and updated on July 2006, scheduled to continue on record until March 2011."

14. Experian and Equifax have been reporting on Plaintiffs' credit file, Ford Motor Credit account 2520 . . ., Date Opened, 9/2000; High Credit, $43,060; Scheduled Payment, $717; Balance owed, $0; Date of last activity, 05/2004; as derogatory, repossession. Ford Credit has asked them to remove the words "repossession" and to report "paid charge off, zero balance owing". Ford sent the credit bureaus a letter dated, June 29, 2006, referencing the account with zero balance, yet the bureaus have not changed it. Ford wrote them a second letter on September 26, 2007, requesting all three Credit Bureaus to correct their comments on our credit file to read, "Paid charge off, zero balance owing," but Equifax refuses to do so after two letters from Ford. In Equifax's November 2, 2007, reply, they wrote that the disputed Ford Credit account number

48063000000025206543 is not currently reporting on my credit file, yet they have the account listed on page 5 of 10 on my credit report.

15. According to Tracy at Ford Motor Credit, they updated their computer system and replaced account JTA144 . . . with account 2520 . . . ., and notified the credit bureaus of the change. Equifax is still reporting the old account number: JTA144 . . . and account 2520 . . . as though they are two separate accounts with two separate vehicles opened at the same time, and closed out on different dates. JTA 144 . . ., Date opened, 9/2000; High Credit, $43,060; owing, $27,974; Scheduled Payment, $717; past due $1,420 with 59 days past due. Ford requested them to remove the second vehicle (old account number JTA 144 . . .) from my credit file. Equifax has not removed it and by not doing so, they are purposely damaging my credit worthiness by showing my creditors that I have two repossessed vehicles, knowing that this is false information. This is negligent, subversive, and destructive to our credit worthiness. We ask the court to have the Credit Bureaus remove repossession and derogatory from our credit report and to remove account JTA 144 . . . from my credit file.

16. Experian, Equifax, and TransUnion are reporting that Plaintiffs have a written-off account with CFC. Plaintiffs provided information to the credit bureaus concerning this account showing that Plaintiffs did not owe CFC. On February 15, 2001, Plaintiffs went to settlement with CENTEX Home Equity, to pay off CFC in the amount of $8,250.00 in full. The credit bureaus are reporting, paid after charge off and written off $438, August 2002. This is false information. Plaintiffs ask for this to be removed from their credit report immediately.

17. The credit bureaus have reported me owing LVNV Funding $83.00 formerly MCI. This was not my MCI account. I contacted LVNV Funding and they sent me an apology letter

and requested that the credit bureau remove this from my credit report. Even after the request of

the creditor to have it removed, this information still remains.

18. In January 2007, the city of New Orleans ordered all Hurricane-Katrina victims back

to the city of New Orleans who had not repaired their properties to come into compliance with

the city. According to the city of New Orleans, the raw sewage and dead bodies caused a

hazardous gas to seep into the drywall of the city homes. All homes must be gutted to remove

mold and poisonous gas from drywall, or property would be confiscated, torn down or sold to

revitalize the city of New Orleans. On April 13, 2007, my husband and I began work on our

home in New Orleans. We were unable to obtain a loan due to the derogatory information on

our credit report. We were forced to use all of our savings and whatever we could borrow from

family. Due to the damage caused by Hurricane Katrina, we have exhausted all of our funds.

The credit bureaus have hindered our opportunity to do business with the banks. Now my

husband is being reported three times, 30 days late, on our home mortgage because we were

hindered from the opportunity to obtain a mortgage loan. We have worked hard over the last

three years to make sure that we were not late on any of our bills, but the credit bureau have

made it difficult for us to maintain and live a normal life by reporting false and derogatory

information on our credit report. We ask that his score be raised to 750 or above.

19. We applied for a home equity loan to repair the house we just inherited which was

struck by lightning and burned before I had the opportunity to insure it. I have not been able to

get a loan to repair it because of the derogatory information reporting that I am a poor credit risk,

which is not true. If you take a look at my credit report, you will see I pay my bills on time. I

ask for your help in resolving this matter. Please raise my credit score to 750 that I may obtain a

loan to catch up on my bills and repair my home. The Credit Bureaus are purposely hindering us

from doing business with the banks. My middle score has dropped from 635 to 555; I have not missed a payment to my creditors in more than two years. My score should have increased, instead, it decreased.. I have been denied credit due to this false information from the following: BB& T, Countrywide, Suntrust, Chase, and Indymac Banks. Six months ago our credit scores were 635 and above. The banks had agreed that when I found a bonded and license contractor, a resident of Harris County, Texas, they would give me a loan. All that changed when the credit bureaus dropped my credit score to 555 without a valid reason. I am in good standing with all of my creditors. I ask that my credit score be raised to 750 or higher, or as you deem appropriate and that we be recompensed from each bureau $50,000 in damages or what you determine suitable.

### FIRST CLAIM FOR RELIEF AGAINST EQUIFAX

20. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

21. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

22. As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

23. Equifax's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

24. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EQUIFAX

25. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

26. Equifax violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

27. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

28. Equifax's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

29. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

30. The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set out herein.

31. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

32. As a result of this conduct, action and inaction of Experian, Plaintiffs suffered damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and emotional pain and anguish and the humiliation and embarrassment of credit denials.

33. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

34. The Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

35. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

36. Experian violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable

procedures with which to filter and verify disputed information in the Plaintiff's credit file; and

by relying upon verification from a source it has reason to know is unreliable.

37.  As a result of this conduct, action and inaction of Experian, the Plaintiff suffered

damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental

and emotional pain, anguish, humiliation, and embarrassment of credit denials.

38.  Experian's conduct, action and inaction was willful, rendering it liable for actual or

statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual

damages under 15 U.S.C. § 1681o.

39.  The Plaintiff is entitled to recover costs and attorney's fees from Experian in an

amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

## FIRST CLAIM FOR RELIEF AGAINST TRANSUNION

40.  The Plaintiff realleges and incorporates paragraphs 1 through 19 above as if fully set

out herein.

41.  TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of the credit

report and credit files it published and maintains concerning the Plaintiff.

42.  As a result of this conduct, action and inaction of TransUnion, Plaintiffs suffered

damage by loss of credit, loss of the ability to purchase and benefit from a credit, the mental and

emotional pain and anguish and the humiliation and embarrassment of credit denials.

43. TransUnion's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 U.S.C. 1681o.

44. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## SECOND CLAIM FOR RELIEF AGAINST TRANSUNION

45. Plaintiff realleges and incorporates paragraphs 1 through 21 above as if fully set out herein.

46. TransUnion violated 15 U.S.C. § 1681i on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

47. As a result of this conduct, action and inaction of TransUnion, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

48. TransUnion's conduct, action and inaction was willful, rendering it liable for actual or statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

49. The Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or 1681o.

Your Honor, the Defendants have caused damages, stress, and ruin to Plaintiffs because of their

negligence to comply with the Fair Credit Reporting Act.  Plaintiffs demand judgment against

Defendants in the sum of $150,000, or what your Honor deems fair, have them remove

repossession and derogatory from our credit report, remove Hickory Hill's judgment, remove

Ford account JTA 144 . . ., remove CFC charge off, less than full balance, remove $83 owed to

LVNV Funding, and increase my credit score to 750 for damages that have been done to our

credit worthiness.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,


/s/ Karl-Henri Gauvin
Karl-Henri Gauvin Bar No. 487574
1001 Pennsylvania Avenue, NW Suite 600
Washington, DC 20004
Phone: 202-742-6775
Kgauvin@Gauvinlawfirm.com

Counsel for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2008, I electronically filed the foregoing First Amended Complaint submitted by Plaintiffs John and Nettie Nichols with the Clerk of the Court using CM/ECF system which will send notification of such filing to K. Ann Broussard, Esq. (Attorney for Defendant Experian), Mae Cheung (Attorney for Defendant Equifax) and Timothy Creech Esq. (Attorney for Defendant Transunion).


Respectfully submitted,


/s/ Karl-Henri Gauvin
Karl-Henri Gauvin Bar No. 487574
1001 Pennsylvania Avenue, NW Suite 600
Washington, DC 20004
Phone: 202-742-6775
Kgauvin@Gauvinlawfirm.com

Counsel for Plaintiff